FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2013 JAN 18 PM 3:03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
JACKSONVILLE FLORIDA

**KAREN KEEN,**

  **Plaintiff,**

CASE NO.:
3:13-CV-78-J-99TJC-JRK

**DELTA OUTSOURCE GROUP, INC,.**

  **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, KAREN KEEN [hereinafter Plaintiff] by and through undersigned counsel, and sue Defendant, DELTA OUTSOURCE GROUP, INC., [hereinafter Defendant], and allege:

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785) and violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227 by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in the Plaintiff resides in Duval County, Florida and the Defendant conducted business in Duval County, Florida.

## PARTIES

4.      Plaintiff is a natural person who resides in Jacksonville, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant is a collection agency doing business in Duval County, Florida and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

6.      The Plaintiff allegedly incurred a "debt" which is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.  That debt was later transferred or assigned to the Defendant, Delta Outsource Group, Inc. for the purpose of collection.

7.      Beginning in  2012, an agent or employee of the Defendant, began relentlessly calling the Plaintiff on her cellular telephone to collect a debt.

8.      The Defendant relentlessly called her multiple times a day on a daily basis in an effort to collect the debt.

9.      The Defendant was not content with merely harassing the Plaintiff but began calling her ex-mother in law, Juanita Keen and disclosed the Plaintiff's alleged debt.   Juanita Keen has never shared an address or debt with the Plaintiff and has always lived in Illinois.  The Plaintiff has never given Juanita Keen's number to the Defendant or listed Juanita Keen as a reference.   Neither was this an attempt to locate the Plaintiff as she was being contacted daily by the Defendant and has resided in the same home for many years.

10.     The Defendant's illegal communications with the Plaintiff's former mother in law have created acute embarrassment to the Plaintiff as she has an eleven year old daughter from the former marriage and still has to interact with Juanita Keen, her daughter's grandmother.

11.     The above-detailed conduct by the Defendant of harassing the Plaintiff in an

effort to collect another consumer's debt was a violation of numerous and multiple provisions of the FDCPA, FCCPA, TCPA and resulted in actual damages to the Plaintiff.

12.     Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her family members.

13.     Defendant used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to Plaintiff's cellular telephone and home telephone.

14.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

15.     Defendant willfully or knowingly violated the TCPA.

16.     The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232")

17.     Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT ONE:
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Plaintiff never authorized the Defendant to call her cellular phone nor had she any type of prior business relationship with the Defendant.

19.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each Plaintiff.

20.     As a result of Defendant's violations of the TCPA, Plaintiff is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount of at least $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; a declaration that Defendant's calls violate the TCPA; a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using and automatic telephone dialing system or pre-recorded or artificial voice; and, reasonable attorney's fees and costs pursuant to 47 U.S.C. §227 et seq. from the Defendant.

## COUNT TWO:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA).  § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22.     For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." *Jeter*, 760 F.2d at 1172-73 (internal citations omitted).

23.     The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C § 1692b(1), (Contact of a third party: failed to identify themselves, or failed to state that collector is confirming location information); 15 U.S.C § 1692b(2), (Contact of Third Party: stated that the consumer owes any debt); 15 U.S.C § 1692(b)3, (Contact of Third Party: contacted a person more than once); 15 U.S.C § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C. §1692d(5) caused the phone to ring repeatedly) and 15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff.)

24.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**COUNT THREE:**

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

26.  By repeatedly and abusively contacting the Plaintiff and repeatedly contacting her former mother in law and disclosing the nature of the calls, the Defendant has violated the FCCPA by:

a.  Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

c.  Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.  Fla. Stat. §559.72(7);

20.  As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

21.  Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and are obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of

attorney's fees should Plaintiffs prevail in this matter.

WHEREFORE, Plaintiff, demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

COLLINS & STORY, P.A.

_____

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
max@collinsstorylaw.com
Attorney for Plaintiffs